# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| DANIEL HEDLUND, | * | |
| | * | No. 18-820V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: August 17, 2021 |
| | * | |
| SECRETARY OF HEALTH | * | Stipulation; Influenza vaccine; |
| AND HUMAN SERVICES, | * | chronic inflammatory demyelinating |
| | * | polyneuropathy. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

Kathleen M. Loucks, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner;
Ryan D. Pyles, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION[1]

On August 17, 2021, the parties filed a joint stipulation concerning the petition for compensation filed by Daniel Hedlund on June 11, 2018. Petitioner alleged that the Influenza ("flu") vaccine he received on or about April 10, 2017, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer chronic inflammatory demyelinating polyneuropathy ("CIDP"). Petitioner further alleges that he suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the vaccine caused petitioner to suffer from CIDP or any other injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**a. An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased.**

**b. A lump sum payment of $240,000.00 in the form of a check payable to petitioner.**

**These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.